IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ANTHONY JAMES FLOYD,

        Petitioner,

vs.

UNITED STATES OF AMERICA, et al.,

        Respondents.

Case No. 18-MC-19-CVE-FHM

### REPORT AND RECOMMENDATION

Petitioner seeks to quash a third-party summons issued by the Internal Revenue Service to Gateway Mortgage to obtain information relating to Petitioner. The United States, on behalf of the Internal Revenue Service (IRS) and IRS Special Agent Robert De Los Santos, has moved to dismiss the Petition. [Dkt. 7]. The time has passed for Petitioner to respond to the motion to dismiss and no response objecting to the motion has been filed.

In its motion to dismiss, the government initially argued that the Petition should be dismissed because it was untimely and therefore was subject to dismissal because there was no waiver of sovereign immunity under the circumstances presented. [Dkt. 8, pp. 2-4]. The government has withdrawn that argument and has admitted the waiver of sovereign immunity. [Dkt. 11]. Except for the assertion that the IRS and Special Agent De Los Santos are not proper parties and that service has not been properly affected, the remainder of the arguments posed in the government's motion to dismiss address the substance of the Petition to Quash Summons. The undersigned finds it is efficient to construe the motion to dismiss as a brief opposing the Petition to Quash. Petitioner had an opportunity to respond to the assertions made by the government in its motion to dismiss, but failed to do

so. However, he appended a memorandum of law to the Petition to Quash Third Party Summons wherein he explained the grounds asserted in the Petition. [Dkt. 1, pp. 5-9]. The undersigned finds that the questions presented by the Petition have been fully addressed by the parties. The undersigned has considered the arguments made by the government in its motion to dismiss and those made by the Petitioner in his memorandum of law attached to Petition along with the attachments appended to each in making this Report and Recommendation.

Petitioner asserts that discovery and an evidentiary hearing will be required to determine the true purpose of the summons. To the extent this statement is a request for discovery and an evidentiary hearing, the undersigned finds those requests should be denied. Summons enforcement proceedings are to be summary in nature wherein the question for the court is whether the summons was issued in good faith. Absent contrary evidence, that standard is satisfied by submitting a simple affidavit from the investigating agent. *U.S. v. Clarke*, 573 U.S. 248, 134 S.Ct. 2361, 2367, 189 L.Ed.2d 330 (2014). Here there has been no contrary evidence offered. The affidavit submitted by the investigating agent attests to facts that demonstrate that the summons was issued in good faith. Since Petitioner has not made a showing of facts that would make further inquiry appropriate, there is no basis for granting any request for discovery or for an evidentiary hearing.

The Internal Revenue Code, 26 U.S.C. § 7602(a) gives the IRS the broad authority to issue summons to examine any books, papers, records, or data which may be relevant to an inquiry to determine the liability of any person for any internal revenue tax. In *U.S. v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), the Supreme Court held:

> [T]he Government need make no showing of probable cause to suspect fraud unless the taxpayer raises a substantial question that judicial enforcement of the administrative summons would be an abusive use of the court's process[.]

*Powell*, 85 S.Ct. at 51. The IRS need only show that: (1) the summons was issued for a legitimate purpose; (2) the information sought is relevant to that purpose; (3) when the summons was issued, the information sought was not already in the possession of the IRS; and (4) all administrative steps for the issuance of the summons have been followed. *Id*. at 255. As previously stated, the showing of these requirements is appropriately made by an affidavit from the investigating agent. *Clarke*, 1345 S.Ct. at 2365. In his Declaration, IRS Special Agent Robert De Los Santos attests that an IRS investigation is being conducted to determine the accuracy of Petitioner's 's income tax returns for years 2013-2017; that the information sought by the summons may shed light on whether Petitioner is accurately reporting income, expenses or other items on federal income tax returns; at the time the summons was issued, the IRS did not possess the information sought; and the correct steps were followed for issuance of the summons. [Dkt. 8-1]. Petitioner's memorandum of law in support of his petition to quash the IRS summons presents nothing substantive contrary to the declaration of Special Agent De Los Santos.

As a basis for quashing the summons, Petitioner asserts that the summons is infirm because on its face, the summons "fails to state any liability actual or ostensible for which purpose the summons may have been issued." [Dkt. 1, p. 8]. There is no requirement that the summons contain such a statement. Petitioner also states that he has not found any notice that opening a home mortgage amounts to a violation of any internal revenue law and therefore concludes that the summons constitutes a fishing expedition. The IRS has

not asserted that Petitioner's home mortgage violates any internal revenue law. Rather, the Declaration of Special Agent De Los Santos specifies that information from the mortgage company is sought because it may shed light on whether Petitioner is accurately reporting income, expenses, and other items on federal tax returns. This explanation demonstrates the purpose falls within the broad authority granted to the IRS to issue summons in order to "ascertain the correctness of any return." 26 U.S.C. § 7602(a).

Based on the foregoing, the undersigned finds that the government has demonstrated that the Petition does not contain even an arguable basis for relief. Therefore, the undersigned recommends that the petition to quash the summons be denied.

The conclusion reached by the undersigned, that the summons should not be quashed eliminates the need to address the additional issues raised by the government: whether this action was properly served and whether the IRS and Special Agent De Los Santos are proper parties.

## **CONCLUSION**

The undersigned United States Magistrate Judge RECOMMENDS that the Petition To Quash Third Party Summons, [Dkt. 1] be DENIED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before January 17, 2019.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 3rd day of January, 2019.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE