# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTHONY JAMES FLOYD, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 18-MC-0019-CVE-FHM |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| INTERNAL REVENUE SERVICE, and | ) | |
| ROBERT DE LOS SANTOS, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

This matter comes on for consideration of the magistrate judge's report and recommendation (Dkt. # 12) concerning plaintiff's motion to quash an administrative summons issued by the Internal Revenue Service (IRS). The summons was issued to a third party, Gateway Morgage LLC (Gateway), to obtain information about plaintiff's tax liability for the years 2013 to 2017. Plaintiff argues that the summons was not properly served and was not issued for a legitimate purpose. The magistrate judge recommends that plaintiff's motion to quash the IRS summons (Dkt. # 1) should be denied. Plaintiff has filed an objection (Dkt. # 13) to the report and recommendation. Defendants' deadline to file a response to the objection has expired and no response has been filed, and the report and recommendation is ripe for adjudication.

Plaintiff Anthony James Floyd is a professional tax return preparer, and the IRS is investigating whether Floyd was preparing false or fraudulent tax returns on behalf of himself or others. Dkt. # 8-1, at 2. As part of this investigation, IRS Special Agent Robert De Los Santos issued an administrative summons to Gateway for information about Floyd's purchase of a home in

Kennedale, Texas. Id. Santos served the summons on Gateway, Floyd, and Floyd's wife, as required by 26 U.S.C. § 7609, and he states that the records he sought were relevant to an ongoing investigation and not in the custody of the IRS. Id. Floyd filed a motion to quash the administrative summons issued to Gateway (Dkt. # 1), and defendants filed a motion to dismiss (Dkt. # 7) plaintiff's motion.

The matter was referred to a magistrate judge for a report and recommendation. The magistrate judge construed the motion to dismiss (Dkt. # 7) as a response in opposition to plaintiff's motion to quash the administrative summons. Dkt. # 12, at 1. The magistrate judge noted that the Internal Revenue Code gives the IRS broad authority to issue a summons for books, papers, or records to conduct an inquiry into a person's tax liability. Id. at 2; 26 U.S.C. § 7602(a). The IRS is not required to meet any standard of probable cause to enforce a summons but, instead, the IRS must show:

> that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed–in particular, that the 'Secretary or his delegate,' after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect.

United States v. Powell, 379 U.S. 48, 57-58 (1964). Plaintiff has requested an evidentiary hearing and he seeks to conduct discovery in support of his motion, but the magistrate judge found that proceedings to enforce or quash an administrative summons are summary in nature. Id. at 2. The magistrate judge cited United States v. Clarke, 573 U.S. 248 (2014), for the proposition that an evidentiary hearing is necessary only if the petitioner can point to "specific facts or circumstances plausibly raising an inference of improper motive." Id. at 256. An IRS agent's affidavit is typically

2

sufficient to make the necessary showing that administrative summons was issued for a legitimate purpose and that the information sought was relevant to an IRS investigation. Id. at 2365. The magistrate judge reviewed plaintiff's filings and considered his claims that there was nothing inherently unlawful about obtaining a home mortgage. Dkt. # 12, at 3-4. However, the magistrate judge stated that Santos' affidavit adequately explained the purpose of the investigation and the need to obtain records from Gateway in furtherance of the investigation, and he recommends that the Court summarily deny plaintiff's motion to quash the administrative summons.

Plaintiff has filed an objection to the report and recommendation, and he claims that he has a right to examine Santos as to whether the information sought by the IRS differs from what it already possesses. Dkt. #13. He also renews his argument that the administrative summons was not properly served on his wife. Id. The Court has reviewed plaintiff's motion to quash and his objection to the report and recommendation, and finds that the report and recommendation should be accepted. Santos' affidavit states that the records are needed from Gateway to "shed light on whether Floyd is accurately reporting income, expenses or other items on federal income tax returns." Dkt. # 8-1, at 2. The investigation is focused on the accuracy of plaintiff's tax returns for 2013 to 2017. Id. The administrative summons seeks information from Gateway about plaintiff's purchase of home in Kennedale, Texas, and Santos states that the information sought is not currently in the possession of the IRS. Id. The Court finds that this is a sufficient factual basis to establish that the IRS has a good faith belief that Gateway possesses information relevant to an ongoing investigation. Plaintiff generally alleges that the administrative summons was issued for the purpose of harassment, and he claims that the IRS already possesses the information sought from Gateway. Dkt. # 1, at 3. However, these general allegations do not satisfy his burden to identify "specific facts

3

or circumstances" raising an inference that the administrative summons was issued for an improper purpose. As to plaintiff's argument concerning improper service of his wife, he does not dispute that he was properly served and had notice of the administrative summons, and he has not identified any substantive argument that his wife could assert that has not already been considered in these enforcement proceedings. The report and recommendation is accepted and plaintiff's motion to quash administrative summons is denied.

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 12) is **accepted**, and plaintiff's motion to quash summons (Dkt. # 1) is **denied**.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss the motion to quash summons (Dkt. # 7) is **moot**.

**DATED** this 15th day of February, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE